# UNITED STATES DISRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------------X

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| | : |
| v. | : Criminal No. 3:23-cr-00168 (VDO) |
| | : |
| **SEAN FALZARANO** | : |
| | : |
| | : |

-----------------------------------------------------------X

OCT 16 2025 PM3:04
FILED-USDC-CT-NEW HAVEN

## EMERGENCY PRO SE MOTION
## FOR JUDICIAL OVERSIGHT, RE-APPOINTMENT OF COUNSEL, AND
## PROTECTIVE ORDER CONCERNING PARALLEL CIVIL ACTION

Defendant Sean Falzarano, appearing pro se, respectfully moves for (1) immediate judicial oversight regarding a newly-filed parallel civil enforcement action, (2) re-appointment of counsel under 18 U.S.C. § 3006A(c), and (3) entry of a protective order to prevent prejudice and ensure due process in connection with the Government's recent filing of *United States v. Falzarano, et al.*, filed October 6, 2025, in the District of Connecticut but not yet served on either Defendant.

Since mid-August 2025, Mr. Falzarano has been without effective counsel in the District Court, although appellate counsel has been appointed for the pending appeal. Meanwhile, the United States has initiated a parallel civil case and recorded a lien purporting to attach to real property that is solely owned by Mr. Falzarano's wife. The Government's conduct—its timing, its mischaracterization of the property transfer, and its delay of service considering Mr. Falzarano's October 21 self-surrender—raises serious due-process and equity concerns that warrant the Court's attention.

## Factual Background

1. Defense counsel for the District Court effectively ceased representation on or about mid-August 2025 citing conflict of interest via email communication. Mr. Falzarano's repeated inquiries into the status of his representation, post-sentencing matters, and need for documentation for pro se motions went unanswered during this period until his October 7, 2025 email to counsel requesting they formally withdraw. On October 8, 2025, defense counsel formally moved to withdraw (counsel and the Office of the Federal Defender). A ruling on the motion is pending, no substitute counsel has entered an appearance in the District Court, leaving Mr. Falzarano unrepresented in post-judgment matters and to respond to the Government's new actions. Defendant additionally submits Exhibit A as a limited record-preservation statement addressing matters arising from the withdrawal. This filing is made solely to preserve issues for District Court and appellate review and not to challenge the plea or acceptance of responsibility.

2. Mr. Falzarano was notified by his appointed appeals attorney, Dan Nooter, of the Notice of Related Case filed as to *United States v. Sean Falzarano and Joanna Falzarano*. The defendant was served on October 14, 2025, six days prior to his self-surrender date to FMC Devens.

3. On March 20, 2024, Mr. Falzarano lawfully executed and publicly recorded a quitclaim deed transferring his right, title, and interest to the Subject Property to his spouse, Mrs. Falzarano.

4. On August 21, 2025, Assistant United States Attorney (AUSA), Christine Sciarrino, citing The Anti-Terrorism and Effective Death Penalty Act of 1996, 18 USC 3613(c), and 3613(d), placed a lien on the property at 490 Holly Hill Lane Southbury, CT 06488 (Subject Property). At the time AUSA Sciarrino placed this lien, under the guise of the cited authority, AUSA Sciarrino and the Department of Justice knew or should have known that the Subject Property was not a property belonging to the defendant. Further, they knew or should have known the Subject Property belonged to a third party not associated with the criminal matter.

5. On or about February 2022 through March 2024, Mr. Falzarano accrued legal expenses amounting over $100,000 for representation in state, federal, and civil cases. Mrs. Falzarano entered into an oral agreement with Mr. Falzarano to use her independently owned financial resources, namely her personal credit card, to make prompt payments on behalf of Mr. Falzarano's legal expenses in exchange for his right to title and interest on the Subject Property. In the ordinary course of financial affairs, Mrs. Falzarano made further rehabilitative financial decisions for her own benefit through the reconciliation

of a high interest credit card balance to a home-equity line of. All of this was disclosed in Mr. Falzarano's sworn financial affidavits and summarized in his Presentence Investigation Report ("PSR").

5a. To clarify the facts on record, the quitclaim transfer was directly related to the debt Mrs. Falzarano incurred on her personal credit card for Mr. Falzarano's legal expenses since he had no other immediate, alternative means. At the sentencing hearing defense counsel inaccurately included student loan payments in addition to legal fees as the reason for this transfer (Transcript at pp. 55). The PSR discloses Mr. Falzarano's student loans and shows no payments were made – in contrast to the disclosures on financial documents supporting the overall fact being clarified here.

6. On or about June 2024, Mrs. Falzarano's Home Equity Line of Credit mortgage was lawfully executed and publicly recorded.

7. At the defendant's sentencing hearing held July 29, 2025, the Government expressly stated that it had reviewed the financial records and affidavits underlying the PSR and confirmed: "I'm not accusing -- I don't think there's anything inaccurate, there's no crime committed here" (Transcript at pp. 69-70).

8. Mr. Falzarano has already made $1,000 in restitution payments toward the $52,510 total, notwithstanding unemployment and imminent incarceration.

## Discussion

Mr. Falzarano has been without effective counsel within the District Court for nearly two months. In this period, the Government has made filings within the Court's docket, post-sentencing issues have been left unaddressed, and procedural issues remain. This raises serious concerns as to the defendant's due process rights, especially to the significant impact of resulting consequences will have on an unrepresented individual within federal criminal court. This Honorable Court granted the defendant's motion for continued release and set an October 21, 2025 self-surrender date. This motion was predicated on the basis the defendant will need time to make family arrangements due to the resulting consequences his family will suffer upon his incarceration, specifically as they relate to his spouse's unique work schedule as an airline pilot and their loss of the defendant being the primary caretaker of their 9- and 6-year-old minors. The motion was also granted on the grounds of the defendant's medical conditions, particularly Primary Immunodeficiency Disorder, and the acute and evolving nature of the specialized assessment and medication treatment needed. This time was necessary and for the advantage of the BOP to make an initial assessment of any "language" to ensure arrangements are made for a safe continuity of care.

The Government has illegally placed a lien on the Subject Property in violation of the statutes they cite themselves on the lien and by contradicting their own affirmations within the lien regarding the authority of any lien being placed on the property of the defendant. The Subject Property does not belong to the defendant, a quitclaim deed that was publicly recorded gave sole ownership to a third party, and all this publicly recorded information was further disclosed by the defendant to this Court in this criminal case. Incredibly, the Government acknowledges these facts, both within the current criminal matter and the referenced civil case, and also with the Government's affirmation that they have reviewed the financial disclosures and find no inaccuracies or crimes here.

Despite the facts and the record of the current criminal matter, the Government has intentionally waited to serve the defendant six days prior to his incarceration a meritless federal lawsuit that, among other things, has requested a levy and sale of a property that doesn't belong to the defendant, and serves as the primary residence of his spouse and two minor children. The Government has done this knowing of the defendant's self-surrender date, knowing he is indigent, knowing he has made notice of a pending appeal for the current criminal matter, and knowing he is without current counsel.

Note: The defendant is without counsel in this District Court, but has not asserted his right to self-represent, however, due to the circumstances in which time is of the essence and the irreparable harm such consequences by these circumstances will be caused, the defendant finds that without the intervention of this Honorable Court, through its sovereignty, the Government will continue to exceed its authority, both statutory and equitable. Absent of criminal defense representation, the defendant submits this motion on his behalf but reserves all rights and waives no rights for future counsel to raise on his behalf in circumstances this Honorable Court finds necessary and proper.

## LEGAL GROUND FOR RELIEF

A. Re-Appointment of Counsel (18 U.S.C. § 3006A(c))

The Court may re-appoint counsel "at any stage of the proceedings" whenever the interests of justice so require. Given the post-sentencing docket items, civil enforcement action, the new lien, and the overlap with restitution enforcement, representation is essential.

B. Violation of Due Process and Statutory Limits

The lien violates 18 U.S.C. § 3664(m)(1)(A) and 28 U.S.C. §§ 3201(d), 3306(a). Those statutes authorize enforcement only against the debtor's own property and require notice and proof before reaching any third-party interest.

C. Abuse of Process and Timing in Bad Faith

The Government's decision to wait 18 months after full disclosure, then file immediately before Mr. Falzarano's self-surrender, and withhold service, is inconsistent with equitable enforcement and fundamental fairness required by 28 U.S.C. § 3301-3308. The government, in violation of the said federal statutes and parallel state law, has entered a lien on a property that does not belong to the defendant and has moved in federal court for a levy and sale of a third party's property. Case law supports that a court may supervise or stay parallel proceedings to prevent prejudice.

D. Equitable Considerations

The restitution order is being honored in good faith; the victim is a well-resourced institution; and the family home is the residence of two minor children (ages 9 and 6). Equity disfavors allowing an overbroad lien and unserved civil action to proceed when they threaten third party family members and when the Government already possesses other lawful means to collect restitution.

## REQUESTED RELIEF

Mr. Falzarano respectfully asks that the Court:

1. Re-appoint counsel under § 3006A(c) for all post-judgment and enforcement matters;
2. Order the United States to show cause why it recorded a lien against property not owned by the Defendant;
3. Stay or order any enforcement or further proceedings in the related civil case pending counsel's appearance and further order of the Court;
4. Direct that no civil filings or liens be used or disclosed to prejudice Defendant's rights in the pending appeal; and

5. Grant such other and further equitable relief as the Court deems just and proper.

Note: The Defendant does not ask this Court to adjudicate the merits of any unserved civil complaint. He seeks only to preserve the Court's supervisory authority to ensure that enforcement actions remain consistent with statutory definitions of "property of the person fined" and the protections afforded by 28 U.S.C. § 3301(2) and Connecticut's non-bankruptcy exemption laws.

## EXHIBITS

Defendant submits the following exhibits to be filed under seal:

Exhibit A

Exhibit B

Defendant does not attach or publicly disclose any portion of the Presentence Report, Attorney fees/Retainer Agreements, Privileged materials (attorney-client emails), or Mrs. Falzarano's Personal Financial Records; he respectfully offers to provide it for in camera review if the Court deems necessary.

## CONCLUSION

Defendant does not question the Government's general authority to collect lawful restitution, but enforcement must remain consistent with due process, statutory boundaries, and the principles of equity. The extraordinary timing and overreach of the Government's new actions warrant immediate judicial oversight.

Respectfully submitted,

*[signature]*                                                                                      Dated: October 16, 2025

Sean Falzarano, Pro Se Defendant
490 Holly Hill Lane
Southbury, CT 06488